**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **GARY DESHON RANDLE, #1227424,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-2042-N** |
| | ) | **ECF** |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court did not issue process in this case, pending preliminary screening.

Statement of the Case: Following his plea of not guilty, a jury convicted Petitioner of injury to a child in the 265th District Court of Dallas County, Texas, Cause No. F02-56006-NR. (Pet. at 2). On February 19, 2004, punishment was assessed at life imprisonment. (*Id.*). The Fifth Court of Appeals affirmed his conviction and sentence. *Randle v. State*, No. 05-04-00254-

CR (Tex. App. -- Dallas Feb 2, 2005, no pet).[1]

Petitioner subsequently filed two state applications pursuant to art. 11.07, Texas Code of Criminal Procedure, the first one on April 27, 2005, *see* No. W02-56006-A, and the second one on January 9, 2006, No. W02-56006-B.  (Attachment I).  The Texas Court of Criminal Appeals (TCCA) dismissed the first application on September 28, 2005, because Petitioner's direct appeal was pending on the date the application was filed.  *See Ex parte Randle,* No. WR-62,246-01, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=235390 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals, January 22, 2007).  On May 31, 2006, the TCCA denied the second application without written order.  *See* No. WR-62,246-02, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=241660.

On October 27, 2006, Petitioner filed the instant federal petition for writ of habeas corpus.  (Pet. at 1).[2]  He asserts the indictment was defective, counsel rendered ineffective assistance, the trial court deprived him of life and liberty, and his conviction was obtained in violation of the Double Jeopardy Clause.   (*Id.* at 7-8).

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  *See* 28 U.S.C. § 2244(d).  The District Court may raise the affirmative defense of

---

[1]        The docket sheet for Petitioner's direct appeal is available at http://www.courtstuff.com/FILES/05/04/05040254.HTM.

[2]        For purposes of this recommendation, the petition is deemed filed on October 27, 2006, the date Petitioner signed his federal petition, and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

the statute of limitations *sua sponte*.  *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see*

*also Day v. McDonough*, ___ U.S. ___, 126 S.Ct. 1675, 1684 (2006) (district courts are

permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas

petition in process issued cases).[3]

The one-year period is calculated from the latest of either (A) the date on which the

judgment of conviction became final; (B) the date on which an impediment to filing an

application created by State action in violation of the Constitution or laws of the United States is

removed, if the applicant was prevented from filing by such State action; (C) the date on which

the Supreme Court initially recognizes a new constitutional right and makes the right

retroactively applicable to cases on collateral review; or (D) the date on which the facts

supporting the claim became known or could have become known through the exercise of due

diligence.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented

him from filing this federal petition.  Nor does he base his petition on any new constitutional

right under subparagraph (C).  With regard to subparagraph (D), the Court determines that the

facts supporting the claims raised in the instant petition for habeas relief became known or could

have become known prior to the date Petitioner's state judgment of conviction became final.

Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's

conviction became final at the conclusion of direct review or upon the expiration of the time for

---

[3]        On January 24, 2006, the Court issued an order to show cause, advising Petitioner
of the one-year statute of limitations and granting him an opportunity to explain why his case is
not barred by the limitations period or why the statute of limitations should be tolled on equitable
grounds.  Petitioner filed his response to the Court's show cause order on February 21, 2007.

3

seeking such review.  *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final on March 4, 2005, the last day on which he could have filed a PDR with the Texas Court of Criminal Appeals.  Therefore, the one-year period began to run on March 5, 2005, the day after Petitioner's conviction became final.  *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998).

28 U.S.C. § 2244(d)(2) tolls the limitations period during the pendency of a properly filed state habeas application.  *See Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998).  Petitioner's first state application was not "properly filed."  Petitioner filed it on April 27, 2005, less than a month *before* the Court of Appeals issued a mandate in his direct appeal on May 25, 2005.  The Fifth Circuit has held that an art. 11.07 application filed, as in this case, *before* the issuance of a mandate by the state court of appeals was *not* "properly filed" and, thus, could not toll the one-year limitations period. *Larry v. Dretke*, 361 F.3d 890, 893-95 (5th Cir. 2004).

Thereafter, Petitioner mailed his second state application.  (Pet's Response to Show Cause Order at 4).  As of January 9, 2006, the date on which the Dallas County District Clerk filed the same, (*see* Attachment I), 310 days of the one-year limitations period had elapsed.  The state application remained pending until it was denied on May 31, 2006, during which time the one-year period was statutorily tolled pursuant to § 2244(d)(2).  The one-year period resumed running on June 1, 2006, and expired 55 days later on October 27, 2006  – 93 days before Petitioner can be deemed to have filed the federal petition in this case.  Therefore, the federal petition is clearly time barred unless the one-year statute of limitations is tolled on equitable

grounds.[4]

Petitioner's pleadings, even when liberally construed in accordance with his *pro se* status, do not present "rare and exceptional circumstances" warranting equitable tolling, *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), or that he diligently pursued his rights, *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000)..  "Equitable tolling applies principally when the plaintiff [or petitioner] is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).  "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."  *Turner v. Johnson*, 177 F.3d  390, 392 (5th Cir. 1999).

In response to the show cause order, Petitioner questions why the Court of Appeals unreasonably delayed issuing a mandate in his direct appeal.  (Pet's Response at 3).  According to Petitioner, a mandate should have been issued on April 14, 2005, instead of over one month

---

[4]    Petitioner states that he mailed his second art. 11.07 application in November 2005, and that the Dallas County District Clerk's Office "cruelly held the application for one month, and decided to file [it] in January 2005."  (Pet's response to Show Cause Order at 4).

The federal petition would be time barred even if the Court were to rely on the date of mailing of the second art. 11.07 application.  Under this scenario, 241 days elapsed between March 5, 2005 (the date the conviction became final), and November 1, 2005 (the earliest possible date in November on which the second writ could have been mailed), and 149 days elapsed between May 31, 2006 (the date of denial of the second art. 11.07 writ), and October 27, 2006 (the date the federal petition was mailed).

Nevertheless the Court notes that the Fifth Circuit Court of Appeals has "decline[d] to extend the mailbox rule to the determination of filing dates for state habeas applications." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999).  The proper inquiry is "whether the prisoner is entitled to equitable tolling."  *See id.*  As set out more fully below, Petitioner cannot meet the strict requirements for equitable tolling in this case.

later on May 25, 2005, thus rendering his first art. 11.07 writ to be properly filed.  (*Id.*).

This is not a case in which the petitioner was unaware that the state application was premature or deficient in any ways until *after* the running of the one-year period.  *Cf. Morrison v. Dretke*, 2004 WL 2870060, No. 2:03-CV-0442 (N.D. Tex., Amarillo Div., Dec. 13, 2004) (holding petitioner was entitled to equitable tolling because he was not put on notice that his first state habeas application was deficient until it was returned by the county district clerk after the one-year statute of limitations had expired).  As a matter of fact, on May 17, 2005, the trial court issued an order, noting that the art. 11.07 writ was premature because it was filed during the pendency of the direct appeal, and recommending that it be dismissed for want of jurisdiction. (Pet's Response to Show Cause Order at 9).  The Court of Criminal Appeals accepted that recommendation and dismissed the first state writ on September 28, 2005, with more than five months remaining on the one-year limitations period.

Petitioner's own allegations reflect that he did not act with due diligence during this five-month period.  Following the dismissal of his first application as premature, Petitioner waited between one to two months before resubmitting his state writ for filing.  Petitioner also waited an additional four and one-half months, following the denial of the art. 11.07 writ, before submitting this federal petition for filing.  These delays – which appear of have been of Petitioner's own making – do not evince due diligence.  "[E]quity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).  Therefore, the Court concludes that Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be

DISMISSED with prejudice as barred by the one-year limitations period.  *See* 28 U.S.C. §

2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 9th day of April, 2007.

_Wm. F. Sanderson, Jr._

_____

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that
you must file your written objections within ten days after being served with a copy of this
recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir.
1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and
conclusions of law within such ten day period may bar a *de novo* determination by the district
judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds
of plain error, from attacking on appeal the unobjected to proposed findings of fact and
conclusions of law accepted by the district court.

**ATTACHMENT  I**